7117

## GAMBRELL v. GAMBRELL.

WILLS—RESIDUARY CLAUSES.—A will bequeathing to my wife, L—, all the personal estate of which I shall be possessed at the time of my death for life and then to my children by her, and following certain specific devises and a legacy, with a residuary clause directing all the rest and residue of my estate, whether real, personal or mixed, be sold by my executor and divided among my children, carries to the wife and her children, besides the personal chattels, money in bank, insurance payable to the estate of testator, and debts due him. Rules of construing residuary clauses stated.

Before HYDRICK, J., Anderson, April, 1908.    Affirmed.

Action by Henry Calvin Gambrell *et al.* against Lena Gambrell, as executrix of John N. Gambrell and in her own right *et al.* The following is the Circuit decree:

"John N. Gambrell died October 15, 1905. He was twice married. By his first wife he had four children. who are the plaintiffs. By his second wife he had two children, who, with his widow, are the defendants. The children are all infants, three above and three below the age of fourteen years. Mr. Gambrell left a will of which his widow is executrix.

"So much of the second paragraph of the will as affects the question to be decided is as follows: 'I will, bequeath and devise to my wife, Lena Gambrell, all the personal estate of which I shall be possessed at the time of my death (except one five-horse engine and one thrasher, which I will to my oldest son, Henry Calvin Gambrell), and a certain tract of land (93 acres, more or less, particularly described) for and during the life of my said wife, and at her death to her children, the fruit of her marriage to me.'

"The third paragraph devised to the children of the first marriage all his interest in a tract of land (about 100 acres) which was conveyed to their mother and 'the heirs of her own body' by her father. It appears, therefore, that he had no interest therein.

"So much of the fourth paragraph as affects the question before the Court is as follows: 'All the rest and residue of my estate, whether real, personal or mixed, I will shall be sold by my executor, hereinafter named, at public sale, and the proceeds thereof be equally divided between all my children living at the time of my death,' etc., etc.

"Besides the tract devised in the second paragraph of the will he owned other real estate, which has been sold by the executrix, and realized $4,010.

"Besides other personal property he had, at the time of his death, about $1,576.75 in bank, a policy of insurance on

his life for $2,000, payable to his estate, which has been collected by the executrix, and some debts due to him.

"The only question which the Court is called upon to decide is: Does the money in the bank and that realized from the insurance policy and the other choses in action go to the widow, under the second paragraph of the will, or to the residuary legatees, under the fourth paragraph thereof?

"The case was argued with more than usual ability and research on both sides. The argument of plaintiffs' counsel was very ingenious and plausible, and I must say that my conclusion was reached with some doubt and hesitancy.

"The contention for the plaintiffs is that the words 'all the personal estate' alone might be sufficient to pass choses in action; but that when qualified by the superadded words 'of which I shall be possessed at the time of my death,' the bequest is restricted to choses in possession, at that time, as contradistinguished from choses in action; in other words, that the use of the word 'possessed' was intended to mark the distinction, recognized in the law, between two choses of personal property, to wit, choses in possession and choses in action.

"To support this contention they invoke certain rules of construction: 1. That in the construction of wills, when technical words are used, their technical meaning must be given to them, unless there is something in the context which shows a contrary intention. Their contention is that the word 'possessed' is a technical word, and was used in its technical sense. 2. That the whole instrument must be considered, and effect must, if practical, be given to every clause and word in it. In this connection it is contended that if all the personal estate is held to have passed to the widow, under the second paragraph of the will, the words, 'whether real, personal or mixed,' in the fourth paragraph, are meaningless and nugatory, and that they show that testator contemplated that some personal property would pass

14—82

under this paragraph.    3. That the residuary clause must be liberally construed in favor of the residuary legatees.

"The fundamental rule of construction, to which all others must yield, is that the intention of the testator must be ascertained from the language used in the will, which, in doubtful cases, may be read in the light of the circumstances surrounding the testator at the time of making his will; and when this intention is discovered it must control unless it conflicts with some settled rules of law or public policy.

"Some of the subsidiary rules of construction are laid down succinctly by Chief Justice McIver, in the opinion of the Court, in *Shaw* v. *Robinson,* 42 S. C., 345, 20 S. E., 161, as follows: 'In pursuing this inquiry (i. e., to ascertain the intention) it is necessary that the whole instrument should be considered, and effect must, if practicable, be given to every clause and word in it.    Again, the language of the instrument must be interpreted in its natural and ordinary sense, and when technical words are used they must receive their technical signification, unless the context requires that some other interpretation should be given to such words.'

"In *Heyward* v. *Hasell,* 2 S. C., 517, the Court says: 'The general rule is that the language of the testator should be construed according to its primary and ordinary meaning, unless he has manifested his intention in the will itself to give a more extended signification.'

"In 30th A. & E. Enc. L. (2 ed.), 670, it is said: 'In the construction of wills words not technical are to be understood, as a general rule, as used in their plain and usual sense, and will be liberally construed to that end in the absence of a manifest intention of the testator to the contrary, and when such interpretation is not inconsistent with the rest of the will.'

"While the word 'possessed' has, when used in certain connections, a technical meaning slightly different from its primary and ordinary meaning, as have many other words,

still I do not think that it can be properly classed as a technical word, such as 'heirs,' 'heirs of the body,' 'issue,' etc., words which are employed almost exclusively in a technical sense.

"The Standard Dictionary defines the word 'technical' as 'specially or exclusively pertaining to some particular art, science, trade, occupation, or the like.'

"Bouvier's Law Dictionary defines it as 'that which properly belongs to an art.'

" 'Words which do not of themselves denote that they are used in a technical sense are to have their plain, popular, obvious and natural meaning.' 6 Wats & Serg., 114.

"I conclude that the word 'possessed' must be given its popular and ordinary meaning.

"The Standard Dictionary defines it: 1. 'To have the ownership, with the control and enjoyment of; have, as property or attribute; own—as to *possess* a house, a family, or a conscience.'

"Interpreting the word in its ordinary sense, the clause in question may be paraphrased to read as follows: 'All the personal estate which I may own at the time of my death.'

"As the will was drawn by one learned in the law, and familiar, of course, with both the ordinary and the technical sense in which the word is sometimes used, if he had used it in its technical sense he would most probably have made it plain that it was so used. But when used in its ordinary sense it would naturally not occur even to one learned in the law that there could be any doubt as to its meaning. Such use of the word by one learned in the law is found in *Donohoo* v. *Lea*, 1 Swan. (Tenn.), 119, 55 Am. Dec., 725, where testator devised certain land to his brother and gave to his wife 'the residue of my property, both real and personal, and all other effects not herein bequeathed and given to others.' After making his will, and before his death, he made a binding executory contract to sell and convey the land given to his brother to another, who, at the time of tes-

tator's death, had paid no part of the purchase money. The
Court says: 'The question is: Does the purchase money of
the land devised, being part of the testator's personal estate,
pass to the widow under the residuary clause? The ques-
tion is too plain to admit of any discussion. A residuary
bequest, generally speaking, operates upon all the personal
estate of which the testator is possessed at the time of his
death.'

"In the case of *Tolar* v. *Tolar,* 3 Hawks, (N. C.), 74,
14 Am. Dec., 575, it is said: 'The words, "what I die pos-
sessed of," have been held sufficient to describe property of
whatever description,' citing 8 Ves., 606. 'The word "pos-
sessed" in a will devising "all my estate, both real and per-
sonal, to me belonging, and which I shall die possessed of,"
was held to denote ownership and not merely personal or
corporal occupation.' Note 8, page 1030, A. & E. Ency. L.
(2d ed.), citing *Hemingway* v. *Hemingway,* 22 Conn., 463.

" 'When a testator employs in his will the words "all my
property" or "estate," or "the rest of my property" or
"estate," the pevailing rule now is to construe these expres-
sions as including both real and personal property.' Note
to *Tolar* v. *Tolar, supra.* In this State these words are held
to be equivalent to each other and sufficient to pass choses
in action. *Williams* v. *Kibber,* 10 S. C., 428.

"*McLemore* v. *Blocker,* Harper's Eq., 234; *Blewer* v.
*Brightman,* 4 McC. L., 64; *Ball* v. *Ball,* Spear's Eq., 38;
*Stuckey* v. *Stuckey,* 2 Hill's Ch., 308; *Priester* v. *Priester,*
12 Rich. Eq., 361.

"This is in accord with the authorities elsewhere. 23
A. & E. Ency. L. (2 ed.), 264.

"I conclude, therefore, that the words used in the second
paragraph of the will are sufficient to pass the choses in
question to the widow, and that the superadded words 'of
which I shall be possessed at the time of my death' do not
restrict the generality of the preceding words so as to
exclude them.

"The second rule invoked, to wit, that effect must be given to every word and clause of the will, if practicable, was not intended to apply to words, phrases, or clauses, which are mere repetition, or tautology or redundancy, which so frequently occurs in wills and other legal documents.

"The words 'of which I shall be possessed at the time of my death' really added nothing to what had been said before, for unless a contrary intention can be gathered from the will, it speaks only from the death of the testator.

"In the fourth paragraph we find the words 'rest' and 'residue' both used to express exactly the same idea. And notwithstanding the words 'all the rest of my estate' are sufficient to carry all property of whatever description, not otherwise disposed of, we find them followed in almost every will by the words 'real or personal,' and sometimes, as in this case, by the words 'real, personal or mixed,' and sometimes by other expressions which seek to amplify expressions which are already as comprehensive as language can make them. Such words are mere surplusage and need not be considered in construing a will. 30 A. & E. Ency. L. (2 ed), 690.

"I think the words 'real, personal or mixed' were inserted in this will just as they or similar words are in most wills, without any specific intention or meaning.

"The argument drawn from their use would have more weight, if there had been no residuary estate at all, for the residuary clause of the will to operate upon, but there was real estate, undisposed of, which accounts for the residuary clause. Any inference which may be drawn from the use of these words, that testator had in mind the choses in question, is overcome by the provision that the residuary estate should be sold. It is not probable that testator would have ordered the sale of money in bank or an insurance policy, or even notes and accounts, until it had been ascertained that there was some reason or necessity to do so.

· . "It only remains to consider the application of the third rule of construction invoked by the plaintiffs, that the residuary clause will be liberally construed in favor of the residuary legatee. It is true that, 'in order to prevent intestacy as to any part of the estate, a presumption arises in favor of the residuary legatee as against every one, *except the particular legatee.*' 18 A. & E. Ency. L. (2 ed.), 723.

"But the rule has no application to a case where the property sought to be brought into *residum* has already been specifically disposed of. The general terms of a residuary clause cannot be construed to vary or annul a specific bequest or devise.

"It is, therefore, ordered, adjudged and decreed that the defendants are entitled, under the limitations contained in the second paragraph of his will, to all the personal estate of the testator, John N. Gambrell, except the engine and thrasher therein given to the plaintiff, Henry Calvin Gambrell."

From this decree the plaintiffs appeal.

*Messrs. Martin & Earle,* for appellants, cite: *Meaning of* "*to be possessed of:*" 14 S. C., 580; 35 Miss., 25; 55 L. R. A., 160; 42 S. C., 345; 1 Rich. Eq., 400; 17 Ency., 13; 1 Bay, 445; 1 Brown C. C., 1030; Moorman on Lims., 7. *The residuary clause and the use of the word "personal:"* 23 W. Va., 41; 53 Pa., 106; 30 Ency., 689, note 2; Jarman on Wills, 736. *Effect of the words "sold and divided:"* 30 Ind., 292; 91 N. C., 195; 6 Md., 119; 11 Ill. App., 244; 30 Ency., 690; 1 Jarm. on Wills, 447. *What personal estate includes:* 35 Miss., 53; 29 Kan., 420; 51 N. C., 180.

*Messrs. Bonham, Watkins & Allen,* contra, cite: *Force and effect of "estate:"* 2 Jar. on Wills, 361-366; 2 Wms. on Exrs., 853-7; 55 N. C., 75; 34 N. C., 61; 20 R. I., 183; 16 Cyc., 300, 600; 34 Ark., 824; 5 Jones L., 365; 7 Rich.

Eq., 328; 4 McL., 64; 11 Ency., 359, 390; 34 N. C., 61; Spears Eq., 38; 2 Hill Ch., 308; Harp. Eq., 224; 12 Rich. Ep., 361; 3 DeS. Eq., 361. *Force and effect of "possessed."* 22 Ency., 1030; 60 Ark., 69; 84 Me., 499; 5 Jones, 337; 16 R. I., 542; 19 R. I., 389; 22 Ency., 1031; 55 Am. D., 725; 14 Am. D., 575.

April 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. A'fter careful consideration of the able and elaborate arguments of counsel, we are convinced that the reasoning of the Circuit decree is sound, and its conclusions correct.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.